Donnie BROWDER, Petitioner— Appellant,

v.

Brian BELLEQUE, Superintendant, Respondent—Appellee.

No. 05–36204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 3, 2007.

Tonia L. Moro, Esq., Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

We review de novo the district court's dismissal of a habeas corpus petition on statute of limitations grounds. *See Malcom v. Payne*, 281 F.3d 951, 955–56 (9th Cir.2002).

---

The Board's initial revocation of Browder's parole and imposition of a 180–day sanction in 1995 was sufficient to put Browder in a "position to realize that he ha[d] an interest" in challenging the Board's jurisdiction over him. *See Johnson v. United States,* 544 U.S. 295, 308, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). This triggered 28 U.S.C. § 2244(d)(1)(D)'s due diligence requirement, *see* 544 U.S. at 308–09, 125 S.Ct. 1571, which Browder fails to satisfy. Despite having his parole revoked and receiving a prison sanction in October 1995 and on four subsequent occasions between then and 1998, Browder failed to appeal the Board's action until 1999, when his parole was revoked for the final time, he was denied re-release, and his release date was reset to May 18, 2014. This is not the "prompt action" contemplated by *Johnson* as satisfying the due diligence requirement. *Id.* at 308, 125 S.Ct. 1571. Browder's petition was not timely.

Browder also argues that he is entitled to equitable or statutory tolling rendering his petition timely. We review such claims de novo. *See Malcom,* 281 F.3d at 956. The record does not reflect extraordinary circumstances preventing timely filing that we have required to warrant equitable tolling. *See Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002). The misrepresentations of Oregon law that Browder claims prevented him from filing his habeas petition do not trigger statutory tolling under 28 U.S.C. § 2244(d)(1)(B). *See Shannon v. Newland,* 410 F.3d 1083, 1087–88 (9th Cir.2005).

AFFIRMED.

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.