**Donnie BROWDER, Petitioner–Appellant,**

v.

**Brian E. BELLEQUE, Superintendent of Oregon State Penitentiary, Respondent–Appellee.**

No. 07–35165.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2007.*

Filed Dec. 6, 2007.

Tonia L. Moro, Esq., Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Esq., Office of the Oregon Attorney General, Salem, OR, Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Petitioner Donnie Browder appeals from the district court's dismissal of his petition for writ of habeas corpus. On de novo review, *Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir.1997), we affirm.

1. To the extent that Petitioner raises arguments previously rejected by this court in *Browder v. Belleque,* 216 Fed. Appx. 646 (9th Cir.2007) (unpublished decision), those arguments are foreclosed.

2. To the extent that Petitioner challenges the Board of Parole's 2003 order denying his administrative appeal, we are barred from reviewing that order because of the "procedural default rule." *Harris v. Reed,* 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The Oregon Court of Appeals denied review on an "adequate and independent state ground." *Id.* (internal quotation marks omitted); *see also Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting that failure to exhaust state remedies is an adequate and independent state ground procedurally barring federal habeas review (citing *Harris,* 489 U.S. at 269–70, 109 S.Ct. 1038 (O'Connor, J., concurring))). The Oregon Court of Appeals dismissed Petitioner's state court judicial review of the 2003 order for three reasons. The third reason given by the Oregon Court of Appeals was that Petitioner had failed to exhaust his administrative remedies by filing his administrative appeal more than three years after the Board's 1999 order, instead of within the 45 days required by Oregon Administrative Rule 255–080–0005(2). *See* Or.Rev.Stat. § 144.335(1)(b) (requiring that Petitioner exhaust his administrative remedies before

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

seeking judicial review). Although the first two reasons given by the Oregon Court of Appeals may have been called into question by the Oregon Supreme Court's decision in *Richards v. Board of Parole & Post–Prison Supervision*, 339 Or. 176, 118 P.3d 261 (2005), that case in no way affected the requirement of exhaustion of administrative remedies. *See id.* at 264–65 (noting that the petitioner in that case properly exhausted his administrative remedies). Petitioner has demonstrated neither cause and prejudice nor a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.