Submitted May 27, affirmed September 9, 2009

ROY WILLIAM WYATT,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A134001

216 P3d 926

Peter Gartlan, Chief Defender, and Kristin Carveth, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Petitioner challenges an order of the Board of Parole and Post-Prison Supervision that, according to petitioner, imposed unduly restrictive conditions of post-prison supervision. The state responds that the board did not err, because the order merely imposed an incarceration sanction for petitioner's violation of post-prison supervision, the board included the challenged conditions in the order for "informational and tracking purposes only," and any such conditions would not actually be imposed unless and until petitioner is re-released on post-prison supervision pursuant to a future order prescribing supervision conditions. We affirm.

In 2001, petitioner was convicted of one count each of driving under the influence of intoxicants and felony driving while suspended. Petitioner was sentenced to a term of imprisonment and was released on post-prison supervision in 2005. In 2006, petitioner violated the terms of his post-prison supervision, and the board ordered that he serve a 180-day incarceration sanction for the violation. In the order, the board also stated, in part:

> **"Any General Conditions and Special Conditions set forth in this order are listed for informational and tracking purposes only; the board actually imposes supervision conditions in an Order of Supervision Conditions. This order does not affect conditions imposed in any previous Order of Supervision Conditions.**
>
> "* * * * *
>
> "11. NO CONTACT * * *, INCLUDING DIRECT OR INDIRECT, * * * WITH * * * [three named individuals]."

(Boldface in original.) Petitioner sought administrative review of the order, the board denied petitioner relief, and petitioner sought judicial review. ORS 144.335(1).

■ ■ On review, petitioner challenges the part of the board's order referring to prohibitions on his contact with the three named persons; he asserts that the board could not impose such conditions, because they are unduly restrictive and impermissibly infringe his liberty interests. Petitioner

does not challenge the imposition of an incarceration sanction or any other provision of the board's order. The board replies that the order did not actually impose the conditions that petitioner challenges on review and, accordingly, that the board did not err. We agree.

ORS 144.335(1) provides:

"A person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:

"(a) The person is adversely affected or aggrieved by a final order of the board; and

"(b) The person has exhausted administrative review as provided by board rule."

Generally speaking, a person is adversely affected or aggrieved by a final order of the board if he or she did not obtain the relief sought on administrative review. *Richards v. Board of Parole*, 339 Or 176, 182-83, 118 P3d 261 (2005). However, this court's review of a final board order is governed by ORS 183.482(8). *See* ORS 144.335(3). We may not set aside, reverse, or remand an order on review unless the board has erroneously interpreted a provision of law and a correct interpretation compels a particular action, ORS 183.482(8)(a); the board has improperly exercised its discretion, ORS 183.482(8)(b); or the board's order is not supported by substantial evidence in the record, ORS 183.482(8)(c).

Here, the board did not actually impose the conditions that petitioner challenges in the board's order, nor did it uphold those conditions on administrative review. Rather, any such conditions will be established in a separate written order that will be provided to petitioner on his re-release from prison. ORS 144.102(1).[1] The order merely advised petitioner that the board intended to impose the challenged conditions in a subsequent order of supervision conditions. Thus,

---

[1] ORS 144.102(1) provides:

"The State Board of Parole and Post-Prison Supervision or local supervisory authority responsible for correctional services for a person shall specify in writing the conditions of post-prison supervision imposed under ORS 144.096. A copy of the conditions shall be given to the person upon release from prison or jail."

although petitioner was adversely affected by the order to the extent that he was ordered to serve an incarceration sanction, the board did not err in the manner asserted by petitioner on judicial review, and this court therefore cannot provide the relief that he seeks under ORS 183.482(8). Petitioner will have an opportunity to seek judicial review of the challenged conditions if and when the board imposes them in an order establishing supervision conditions upon his re-release.

Affirmed.