Submitted December 7, 2012, remanded for resentencing; otherwise affirmed January 30, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRINIDAD RAMOS,
*Defendant-Appellant.*

Marion County Circuit Court
10C44058; A147535

295 P3d 176

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted of several crimes, including assault in the second degree with a firearm. On that conviction, the trial court imposed an upward durational departure sentence of 144 months' imprisonment and 36 months' post-prison supervision. On appeal, defendant asserts various sentencing-related errors, among them that the court erred in imposing sentence on his second-degree assault conviction because the sentence exceeds the statutory maximum for the offense. He acknowledges that he failed to preserve that claim of error for appeal but urges us to correct it as error apparent on the record. ORAP 5.45(1); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The state concedes that the court erred in sentencing defendant on that conviction and that a remand for resentencing is warranted in this case. We agree, accept the state's concession, and exercise our discretion to correct the error.

Assault in the second degree is a Class B felony. ORS 163.175(2). Under ORS 161.605(2), the "maximum term of an indeterminate sentence of imprisonment" for a Class B felony is 10 years, or 120 months.[1] Here, the trial court imposed an upward durational departure sentence of 144 months' imprisonment on defendant's conviction for that offense, thus exceeding the statutory maximum. That is error apparent on the record. *See, e.g.*, *State v. Longenecker*, 175 Or App 33, 36, 27 P3d 509, *rev den*, 332 Or 656 (2001); *State v. Skelton*, 153 Or App 580, 593, 957 P2d 585, *rev den*, 327 Or 448 (1998). Moreover, because the error could have a significant effect on defendant's sentence, it can be corrected with a minimum of judicial resources, and the state has no interest in defendant serving an unlawful sentence, we exercise our discretion to correct it. *See State v. Medina*, 234 Or App 684, 691, 228 P3d 723 (2010); *Skelton*, 153 Or App at 593. Accordingly, we remand the entire case to the trial court

---

[1] Second-degree assault is also a Ballot Measure 11 offense with a mandatory minimum prison term of 70 months. ORS 137.700(2)(a)(G). A trial court may impose a sentence under the sentencing guidelines that is greater than the mandatory minimum sentence specified by Ballot Measure 11. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 604, 932 P2d 1145 (1997); *see also* ORS 137.700(1) ("The court may impose a greater sentence [than the specified minimum] if otherwise permitted by law[.]").

for resentencing. ORS 138.222(5). Given that disposition, we need not address defendant's other assignments of error.

Remanded for resentencing; otherwise affirmed.