Submitted January 30; remanded for resentencing, otherwise affirmed
April 5, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL ROBERT HANNAH,
*Defendant-Appellant.*

Marion County Circuit Court
15CR03320; A159301

393 P3d 1198

Ernest G. Lannet, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**PER CURIAM**

Defendant appeals from a judgment of conviction for unauthorized use of a vehicle (Counts 1 and 5), second-degree criminal trespass (Count 4), and possession of methamphetamine (Count 6). In his fourth assignment of error, defendant argues that the trial court erred by imposing a term of 60 months' imprisonment and 18 months' post-prison supervision on Count 5 because the sentence exceeded the statutory maximum for the offense. Defendant requests that we exercise our discretion to correct that unpreserved claim of error as plain error, ORAP 5.45(1). The state concedes that the sentence was unlawful and that the court plainly erred in imposing it. We agree and accept the state's concession.

Unlawful use of a vehicle is a Class C felony, ORS 164.135(2), which has a maximum indeterminate sentence of five years, or 60 months, ORS 161.605(3). Thus, defendant's sentence on his conviction for Count 5 exceeded the statutory maximum for that offense. That error is apparent on the record, and we conclude that it is appropriate to exercise our discretion to correct it for the reasons stated in *State v. Ramos*, 254 Or App 748, 749, 295 P3d 176 (2013)— *viz.*, "because the error could have a significant effect on defendant's sentence, it can be corrected with a minimum of judicial resources, and the state has no interest in defendant serving an unlawful sentence."

The remaining question is our disposition in light of that error. Defendant requests that we remand the entire case for resentencing. The state argues that we should "remand only for the limited purpose of allowing the trial court to enter a corrected judgment striking the 18-month term of post-prison supervision from Count 5" because the error is not one that requires resentencing under ORS 138.222(5)(a). We have previously rejected the state's argument in this context and do so again here. *See, e.g., State v. Sartin*, 248 Or App 748, 749, 274 P3d 259 (2012); *State v. Angell*, 200 Or App 244, 246-47, 113 P3d 988 (2005). Accordingly, we remand the entire case to the trial court for resentencing. ORS 138.222(5)(a). Because of that disposition, we do not reach defendant's third assignment of error,

which raises another unpreserved challenge to his sentence on Count 5. We reject defendant's remaining assignments of error without discussion.

Remanded for resentencing; otherwise affirmed.