PER CURIAM
*359 Defendant pleaded guilty to misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010(4), and felony unlawful possession of methamphetamine, ORS 475.894. On appeal, defendant argues that the trial court erred when, in the judgment, it imposed a DUII fine in an amount that exceeded the amount that it had ordered in open court. That is, at the sentencing hearing, the trial court stated that it was ordering *477 defendant to pay a $2,000 fine on the DUII conviction, but the judgment ordered defendant to pay a $2,555 fine on that conviction. The state concedes the error, and we accept the state's concession. See State v. Tison , 292 Or. App. 369 371, 424 P.3d 823 (2018), rev. den. , 363 Or. 744, 430 P.3d 567 (2018) (accepting state's concession that trial court erred after entering a judgment imposing a fine that was greater than amount trial court ordered defendant to pay orally at sentencing hearing). Accordingly, we remand the case to the trial court for resentencing. See id. at 371, 373, 424 P.3d 823 (remanding case for resentencing and rejecting defendant's argument that the proper disposition was to reverse and remand for entry of a corrected judgment).
Because the judgment in this case involves both a felony and misdemeanor, former ORS 138.222 (2017) governs this appeal.[1] State v. Febuary , 361 Or. 544, 552-53, 396 P.3d 894 (2017). Therefore, we must remand the entire case for resentencing. See State v. Hannah , 284 Or. App. 662, 663, 393 P.3d 1198 (2017), rev. den. , 361 Or. 886, 403 P.3d 764 (2017) (rejecting argument that proper disposition under former ORS 138.222 (5)(a) was to remand and correct the judgment). Defendant raises an additional assignment of error, also related to his sentencing, but our disposition obviates the need for us to address it.
Reversed and remanded for resentencing.

Former ORS 138.222 (2017) was repealed in 2017 by Senate Bill (SB) 896. Or. Laws 2017, ch. 529, § 26. Because the judgment in this case was entered before the January 1, 2018, effective date of SB 896, its provisions do not apply. Or. Laws 2017, ch. 529, § 28 (providing that SB 896 applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act").