Argued and submitted September 2, reversed and remanded for resentencing
September 29, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN RAY HALL,
*Defendant-Appellant.*

Crook County Circuit Court
19CR22710; A173082

499 P3d 163

Michael R. McLane, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing.

**PER CURIAM**

Defendant appeals a judgment of conviction, pursuant to a plea of no contest, for driving under the influence of intoxicants, ORS 813.010. The trial court sentenced defendant to probation. On appeal, defendant assigns error to the trial court's imposition of a condition of probation requiring him to pay the costs of alcohol and drug screening evaluation and treatment. Noting that condition was not imposed in open court, he argues that it is unlawful for that reason and that the case must be reversed and remanded for resentencing. *See State v. Broyles*, 296 Or App 358, 359, 438 P3d 476 (2019) (explaining principle and remedy).

In response, the state does not dispute the error. Instead, relying on our decision in *State v. Nguyen*, 298 Or App 139, 140, 445 P3d 390 (2019), the state argues that defendant's appeal is moot because, in subsequent proceedings, the court held two hearings after which it entered judgments that, according to the state, "continued probation and *reimposed* the original probation terms." (Emphasis added.) The state argues that this means that we should conclude, as we did in *Nguyen*, that this case is moot because the judgment on appeal has, in effect, been superseded.

In reply, defendant disputes that subsequent judgments on which the state relies have the effect that the state claims. Defendant asserts that those judgments merely continued probation and did not "'clearly' re-impose [the challenged] condition—or impose anything at all." Consequently, according to defendant, a reversal and a remand for resentencing could have a practical effect on defendant's rights.

Whether a case is moot depends on the facts and circumstances of the particular case. Here, the state, as the proponent of dismissal, bears the burden of persuading us that the case is, in fact, moot. *Dept. of Human Services v. A. B.*, 362 Or 412, 426-27, 412 P3d 1169 (2018) ("An appeal is not moot unless the party moving for dismissal persuades the appellate court that the dismissal is warranted."). The state has not done so in this instance.

We do not read *Nguyen* to compel a different conclusion because we are not persuaded that the facts of this

case are the same. Our decision in *Nguyen* appears to have turned on our conclusion that the subsequent judgment in that case had affirmatively "re-imposed" the challenged conditions. 298 Or App at 140.

In this case, by contrast, we agree with defendant that it is not clear that the court reimposed anything in the subsequent judgments on which the state relies for its mootness argument. Rather, it is at least as plausible that the judgments are ones that do not memorialize any decision-making about the conditions of probation and simply leave intact the court's previous decision. *Cf. Wyatt v. Board of Parole*, 230 Or App 581, 584-85, 216 P3d 926 (2009), *rev den*, 348 Or 524 (2010) (in parole board context, differentiating between orders that actually impose conditions of supervision and embody a decision on the issue from those orders that mention conditions of supervision but do not contain a decision on the imposition of conditions). And if the challenged judgments do not embody an affirmative new decision about what conditions of probation should be imposed on petitioner, there is no basis to think that reversing and remanding in this case could not have a practical effect on defendant's rights. For those reasons, the state has not persuaded us that this appeal must be dismissed as moot.

As for the merits, the trial court's failure to announce the challenged condition in open court means we must reverse and remand for resentencing. *See Broyles*, 296 Or App at 359. Accordingly, that is what we do.

Reversed and remanded for resentencing.