No. 818 November 14, 2024 215

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JACOB BARRETT,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A177883

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In 1994, petitioner robbed a convenience store and shot and killed the store clerk. *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), *overruled in part by Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020). He was sentenced to life in prison with a 30-year minimum term of incarceration for aggravated murder and a consecutive sentence of 72 months of prison for first-degree robbery. In May 2021, the Board of Parole and Post-Prison Supervision (the board) held a murder-review hearing under ORS 163.105 and issued Board Action Form (BAF) #7, in which the board found that petitioner was likely to be rehabilitated within a reasonable period of time and converted his sentence for aggravated murder to life with the possibility of parole. The board subsequently held an exit interview pursuant to ORS 144.125 and issued BAF #8, setting petitioner's parole release date to the date of the interview, November 8, 2021. Due to having received a number of additional consecutive sentences, petitioner was not released from confinement at that time; rather, he began serving his 72-month sentence for first-degree robbery.

Petitioner sought administrative review of the board's decision in BAF #8, raising a number of arguments relating to the summing and unsumming of his consecutive prison terms and asserting that the board had erroneously disregarded his earned-time credits in calculating the parole release date. The board concluded that petitioner's arguments were untimely and not properly raised because they were not at issue in an exit interview and therefore had not been decided in BAF #8, and that most were really challenges to BAF #7. Petitioner seeks judicial review and renews his contentions. We affirm.

We note that the only matter addressed in BAF #8 was setting the parole release date for petitioner's aggravated murder conviction. The calculation of consecutive prison terms was not at issue in the exit interview—it was only a matter of interviewing petitioner and reviewing his parole plan and psychiatric reports. ORS 144.125. Because petitioner's first five assignments of error raise issues that were not before the board in BAF #8, they are not properly before us. *See, e.g., Wyatt v. Board of Parole*, 230 Or App 581, 584-85, 216 P3d 926 (2009), *rev den*, 348 Or 524 (2010) (noting

that the order that the petitioner had sought review of did not actually impose the supervision conditions that the petitioner challenged and therefore the courts could not provide the relief that the petitioner sought). We further note that petitioner filed a separate appeal of BAF #7, raising similar arguments regarding the summing and unsumming of his various consecutive sentences, which we recently affirmed. *Barrett v. Board of Parole*, 332 Or App 463, 466, 549 P3d 12 (2024) (concluding that the board lacked authority under the circumstances to sum and unsum petitioner's sentences).

In his sixth assignment of error, petitioner asserts that the board erred in failing to grant him earned-time credits for his term of incarceration, maintaining that his release date from the aggravated murder sentence should have been August 23, 2017, based on calculations made by the Department of Corrections (DOC). Petitioner's argument is not persuasive. It is the responsibility of DOC to calculate earned-time credits and use them to determine a release date. *See generally* OAR 291-097-0240. Such calculations cannot be conclusively made until the board sets a release date, thus defining the "term of incarceration" for an individual serving an indeterminate sentence. *See State ex rel Engweiler v. Cook*, 340 Or 373, 383-84, 133 P3d 904 (2006) (noting that earned-time credits could only be credited against a "term of incarceration," which was defined once the board set a release date). Petitioner did not have a set release date until the board issued BAF #8. It was then the responsibility of DOC to apply earned-time credits based on the established term of incarceration.[1] The board did not err in establishing a parole release date without considering earned-time credits.

We also reject petitioner's procedural due process argument for a similar reason. Petitioner contends that he was denied procedural due process when the board purportedly "adjusted his earned-time date" because the board lacked statutory authority to do so. As discussed above, the board did not adjust petitioner's earned-time date and any earned-time credits are to be applied by DOC.

Affirmed.

---

[1] We note that DOC made an *estimated projected* calculation of petitioner's earned date prior to the board issuing BAF #8, based on the projected parole release date included in BAF #7.