244 November 26, 2025 No. 1017

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIAS LEONDRE HART-RASBERRY,
aka Jamias Rasberry Hart,
aka James Leondre Hart-Rasberry,
aka Jamias Hart-Rasberry, aka Jamias L. Hart-Rasberry,
aka Jamais HartRasberry, aka Jamias Hartrasberry,
aka Jamias Leondre HartRasberry,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR56894; A183894

Kelly Skye, Judge.

Submitted October 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Defendant pleaded guilty to first-degree manslaughter with a firearm, ORS 163.118; ORS 161.610, and he was sentenced to 216 months in prison and a 36-month term of post-prison supervision. On appeal, defendant argues that his sentence is plainly erroneous because the combined 252-month term of incarceration and post-prison supervision exceeds the statutory maximum indeterminate sentence for his offense, which is 240 months. *See* ORS 161.605(1) (providing that the maximum term of an indeterminate sentence of imprisonment for a Class A felony is 20 years); OAR 213-005-0002(4) (prohibiting a term of post-prison supervision that, "when added to the prison term," exceeds "the statutory maximum indeterminate sentence for the crime of conviction"). The state concedes that the error is plain and one that we should exercise our discretion to correct, as we have done in similar cases, *see, e.g., State v. Ramos*, 254 Or App 748, 749, 295 P3d 176 (2013). We agree with and accept the state's concession, and we exercise our discretion to correct the error and remand for resentencing for the reasons expressed in *Ramos*.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.